IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:18-CR-227-D
No. 5:20-CV-174-D

| | |
|---|---|
| RYAN DETRELL ROBINSON, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

On April 27, 2020, Ryan Detrell Robinson ("Robinson") moved pro se under 28 U.S.C. § 2255 to vacate, set aside, or correct his 204-month sentence [D.E. 89]. On October 15, 2020, the government moved to dismiss Robinson's motion [D.E. 99] and filed a memorandum in support [D.E. 100]. On November 2, 2020, Robinson responded in opposition to the government's motion [D.E. 104, 105]. On June 1, 2021 Robinson moved for judgment on the pleadings [D.E. 109]. As explained below, the court grants the government's motion to dismiss, dismisses Robinson's section 2255 motion, and denies Robinson's motion for judgment on the pleadings.

I.

On February 15, 2019, without a plea agreement, Robinson pleaded guilty to possession of ammunition by a felon (count one), possession with intent to distribute a quantity of cocaine (count two), possession of a firearm in furtherance of a drug trafficking offense (count three), and possession of a firearm by a felon (counts four). See [D.E. 53]; Rule 11 Tr. [D.E. 88] 17–27. On May 31, 2019, the court held Robinson's sentencing hearing and adopted the undisputed facts in the Presentence Investigation Report ("PSR"). See [D.E. 71]; PSR [D.E. 66]; Sent. Tr. [D.E. 86] 4; Fed.

R. Crim. P. 32(i)(3)(A). The government moved for an upward departures under U.S.S.G. §§ 5K2.2 and 5K2.6 and defense counsel objected. See [D.E. 63]; PSR Add. [D.E. 66]; [D.E. 70]; Sent. Tr. at 4–19. After thoroughly considering the government's motion and counsel's arguments, the court granted the government's motion for upward departure under sections 5K2.2 and 5K2.6. See Sent Tr. at 4–19. With the departures, the court found Robinson's offense level to be 29, Robinson's criminal history category to be V, and Robinson's advisory guideline range to 140 to 175 months on counts one, two and four, and 60 months' consecutive imprisonment on count three. See id. at 19. After thoroughly considering all relevant factors under 18 U.S.C. § 3553(a), the court sentenced Robinson to 120 months' imprisonment on counts one and four, 144 months' concurrent imprisonment on count two, and 60 months' consecutive imprisonment on count three, for a total of 204 months' imprisonment. See id. at 29. Robinson appealed. See [D.E. 72, 75, 81].

On April 27, 2020, Robinson moved to vacate his sentence under 28 U.S.C. 2255. See [D.E. 89]. On September 11, 2020, the United States Court of Appeals for the Fourth Circuit affirmed Robinson's sentence. See United States v. Robinson, 821 F. App'x 247, 248–49 (4th Cir. 2020) (per curiam) (unpublished). On October 5, 2020, the Court of Appeal's mandate issued. See [D.E. 98].

On October 15, 2020, the government moved to dismiss Robinson's motion to vacate his sentence. See [D.E. 99, 100]. On November 2, 2020, Robinson responded in opposition to the government's motion. See [D.E. 104, 105]. On June 1, 2021 Robinson moved for judgment on the pleadings. See [D.E. 109].

II.

In Robinson's section 2255 motion, Robinson argues that he received ineffective assistance of counsel because his lawyer (1) "fail[ed] to interview and investigate government witnesses and claims," (2) "fail[ed] to present evidence to the court that would have proved that [Robinson] was

not guilty of the 5K2.2 and 5K2.6 departures," and (3) fail[ed] to invesitigate defense witnesses to develop a theory of defense." See [D.E. 89] 4–5, 7.

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure for "failure to state a claim upon which relief can be granted" tests a complaint's legal and factual sufficiency. See Ashcroft v. Iqbal, 556 U.S. 662, 677–78 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555–63, 570 (2007); Coleman v. Md. Court of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), aff'd, 566 U.S. 30 (2012); Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008); accord Erickson v. Pardus, 551 U.S. 89, 93–94 (2007) (per curiam). In considering a motion to dismiss, a court need not accept a complaint's legal conclusions. See, e.g., Iqbal, 556 U.S. at 678. Similarly, a court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." Giarratano, 521 F.3d at 302 (quotation omitted); see Iqbal, 556 U.S. at 677–79. Moreover, a court may take judicial notice of public records without converting a motion to dismiss into a motion for summary judgment. See, e.g., Fed. R. Evid. 201(d); Tellabs, Inc. v. Makor Issues & Rts., Ltd., 551 U.S. 308, 322 (2007); Philips v. Pitt Cnty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009). In reviewing a section 2255 motion, the court is not limited to the motion itself. The court may consider "the files and records of the case." 28 U.S.C. § 2255(b); see United States v. McGill, 11 F.3d 223, 225 (1st Cir. 1993). Likewise, a court may rely on its own familiarity with the case. See, e.g., Blackledge v. Allison, 431 U.S. 63, 74 n.4 (1977); United States v. Dyess, 730 F.3d 354, 359–60 (4th Cir. 2013).

Robinson argues that court erred in upwardly departing under sections 5K2.2 and 5K2.6 and that his counsel should have objected to the departures and submitted evidence to show that they should not apply. See [D.E. 89] 4–5. Robinson asks the court to alter his sentence on counts one,

two, and four to be within the advisory guidelines that would have applied without those departures. See id. at 12.

Robinson attacked this court's upward departure on appeal and lost. See Robinson, 821 F. App'x at 248–49. Robinson cannot use section 2255 to recharacterize and relitigate an argument that he lost on direct appeal. See Bousley v. United States, 523 U.S. 614, 622–23 (1998); United States v. Frady, 456 U.S. 152, 164–65 (1982); Dyess, 730 F.3d at 360; United States v. Roane, 378 F.3d 382, 396 n.7 (4th Cir. 2004); Boeckenhaupt v. United States, 537 F.2d 1182, 1183 (4th Cir. 1976) (per curiam). Thus, the claim fails.

Alternatively, Robinson cannot use section 2255 to attack his advisory guideline range retroactively. See, e.g., United States v. Foote, 784 F.3d 931, 935–36 (4th Cir. 2015); United States v. Pregent, 190 F.3d 279, 283–84 (4th Cir. 1999) ("Barring extraordinary circumstances . . . an error in the application of the Sentencing Guidelines cannot be raised in a [section] 2255 proceeding."). Accordingly, the claim fails.

Alternatively, Robinson's claim that the court erred in upwardly departing lacks merit. The court explained its reasons for upwardly departing, and adequate evidence supported the upward departures. See Sent. Tr. at 4–19; United States v. Rios, 846 F. App'x 184, 186 (4th Cir. 2021) (per curiam) (unpublished).

Next, Robinson alleges that he received ineffective assistance of counsel because his lawyer allegedly failed to interview and investigate witnesses and failed to develop a defense theory. The "Sixth Amendment entitles criminal defendants to the effective assistance of counsel—that is, representation that does not fall below an objective standard of reasonableness in light of prevailing professional norms." Bobby v. Van Hook, 558 U.S. 4, 7 (2009) (per curiam) (quotations omitted). The Sixth Amendment right to counsel extends to all critical stages of a criminal proceeding,

4

including plea negotiations, trial, sentencing, and appeal. See, e.g., Lafler v. Cooper, 566 U.S. 156, 164–65 (2012); Missouri v. Frye, 566 U.S. 134, 140 (2012). "[S]entencing is a critical stage of trial at which a defendant is entitled to effective assistance of counsel, and a sentence imposed without effective assistance must be vacated and reimposed to permit facts in mitigation of punishment to be fully and freely developed." United States v. Breckenridge, 93 F.3d 132, 135 (4th Cir. 1996). To state a claim of ineffective assistance of counsel in violation of the Sixth Amendment, Robinson must show that his attorney's performance fell below an objective standard of reasonableness and that he suffered prejudice as a result. See Strickland v. Washington, 466 U.S. 668, 687–91 (1984).

When determining whether counsel's representation was objectively unreasonable, a court must be "highly deferential" to counsel's performance and must attempt to "eliminate the distorting effects of hindsight." Id. at 689. Therefore, the "court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. A party also must show that counsel's deficient performance prejudiced the party. See id. at 691–96. A party does so by showing that there is a "reasonable probability" that, but for the deficiency, "the result of the proceeding would have been different." Id. at 694.

Robinson has not plausibly alleged deficient performance at sentencing. Defense counsel objected to the departures at sentencing and skillfully presented legal arguments and a defense theory against the departures. See Sent. Tr. at 5, 11–15. The court granted the departures after the government presented video evidence of Robinson's horrific conduct. See id. at 6–11. Although Robinson claims that defense counsel should have investigated other witnesses to defeat the upward departure, the video showed Robinson firing two separate guns. See id. at 6–7. Initially, Robinson fired five rounds into the air. See id. Robinson then got another weapon and shot the victim, a man he believed had defrauded him in a drug deal. See id. The victim Robinson shot suffered fractured

5

ribs and a collapsed lung and was hospitalized for six days. See id. Defense counsel's performance at sentencing was adequate and falls within the wide range of professional performance. See Strickland, 466 U.S. at 691. Moreover, the Sixth Amendment does not require a lawyer to make all non-frivolous arguments or to investigate "every conceivable line of mitigating evidence no matter how unlikely the effort would be to" succeed. Wiggins v. Smith, 539 U.S. 510, 533 (2003); see Knowles v. Mirzayance, 556 U.S. 111, 124–26 (2009). On this record, there was no deficient performance.

Alternatively, Robinson has not plausibly alleged prejudice concerning counsel's performance at sentencing. To prove prejudice from deficient performance at sentencing, Robinson must prove a reasonable probability that the court would have sentenced him differently if the deficient performance had not occurred. See Sears v. Upton, 561 U.S. 945, 955–56 (2010); United States v. Carthorne, 878 F.3d 458, 469–70 (4th Cir. 2017). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694.

Robinson notes that shooting victim refused to cooperate with law enforcement and did not press charges against Robinson. See [D.E. 89] 4; [D.E. 89-1]. That a shooting victim in a drug deal gone bad did not press charges or cooperate is no surprise. Nonetheless, the court need not ignore the video evidence, Robinson's use of the weapons, or the physical injury that Robinson caused the victim. Robinson has not plausibly alleged that counsel could have done something differently to obtain a different sentence. Moreover, this court's alternative variant sentence defeats any claim that counsel's performance at sentencing prejudiced Robinson. See Robinson, 821 F. App'x at 248; see also Molina-Martinez v. United States, 578 U.S. 189, 197–201 (2016); United States v. Feldman, 793 F. App'x 170, 173–74 (4th Cir. 2019) (per curiam) (unpublished); United States v. Gomez-Jimenez, 750 F.3d 370, 382–86 (4th Cir. 2014); United States v. Hargrove, 701 F.3d 156, 160–65

6

(4th Cir. 2012). Thus, Robinson has not plausibly alleged prejudice. See, e.g., Sears, 561 U.S. at 956; Strickland, 466 U.S. at 689–700.

After reviewing the claims presented in Robinson's motion, the court finds that reasonable jurists would not find the court's treatment of Robinson's claims debatable or wrong and that the claims do not deserve encouragement to proceed any further. Accordingly, the court denies a certificate of appealability. See 28 U.S.C. § 2253(c); Miller-El v. Cockrell, 537 U.S. 322, 336–38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000).

II.

In sum, the court GRANTS the government's motion to dismiss [D.E. 99], DISMISSES petitioner's section 2255 motion [D.E. 89], DENIES a certificate of appealability, and DENIES petitioner's motion for judgment on the pleadings [D.E. 109]. The clerk shall close the case.

SO ORDERED. This 2 day of March 2022.

JAMES C. DEVER III
United States District Judge

7

Case 5:18-cr-00227-D   Document 110   Filed 03/02/22   Page 7 of 7